IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: Gabriela Toro | ) | Case No. |
| | ) | |
| Plaintiff | ) | COMPLAINT |
| | ) | |
| v. | ) | July Demand Requested |
| | ) | |
| Performant Recovery, Inc. | ) | |
| 333 N. Canyons Parkway, Suite 100 | ) | |
| Livermore, CA 94551 | ) | |
| | ) | |
| Defendant | ) | |

Now comes Plaintiff, by and through her attorneys, and, for her Complaint alleges as follows:

## INTRODUCTION

1. Plaintiff, Gabriela Toro, brings this action to secure redress from unlawful collection practices engaged in by Defendant, Performant Recovery, Inc.. Plaintiff allege violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt. 15 U.S.C. Section 1692d, 1692e and 1692f

3. The FDCPA makes clear that within five days of any initial communication, a debt collector must advise the Debtor of his or her rights under 15 U.S.C. Section 1692g

## JURISDICTION AND VENUE

4. This court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1337, 1367; and 15 U.S.C. section 1692(d).

5. Venue is proper because a substantial part of the events giving rise to

this claim occurred in this District.

## PARTIES

6. Plaintiff, Gabriela Toro (hereinafter "Plaintiff") incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").
7. Plaintiff is a resident of the State of Illinois
8. Defendant, Performant Recovery, Inc. ("Defendant"), is a California business entity with an address of 333 N. Canyons Parkway, Suite 100, Livermore, CA 94551 operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. Section 1692a(6).
9. Unless otherwise stated herein, the term "Defendant" shall refer to Performant Recovery, Inc..
10. At some point, the original creditor, transferred this debt to Defendant for debt collection.

## ALLEGATIONS

11. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $1770.92 (the "Debt") to an original creditor (the "Creditor")
12. The Debt was purchased, assigned or transferred to Defendant for collection, or Defendant was employed by the Creditor to collect to Debt.
13. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. Section 1692a(2).
14. On April 15, 2016, Defendant sent an initial communication to Plaintiff. See Exhibit A.
15. Prior to this and after this Defendant did not send any of the required disclosures from 15 U.S.C. Section 1692g(a).
16. On or about April 25, 2016, Defendant placed four phone calls within a two hour time period to Plaintiff for the collection of the Debt.

17. On the fourth call, when Plaintiff picked up, Plaintiff explained to Defendant that she could not take calls at work.
18. The act of debt collection, by the Defendant did not cease, Defendant continued with a threat to garnishment her wages for this debt, even though Plaintiff already advised that she could not discuss this during employment hours.
19. Furthermore, Defendant made this threat for garnishment during the thirty day period for Plaintiff to have a hearing about her student loan debt.

## VIOLATIONS OF THE FDCPA-15 U.S.C. SECTION 1692, et seq.

20. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
21. The Defendant's conduct violated 15 U.S.C. Section 1692e in that it used false, deceptive, or misleading representation or means in connection with the collection of debt.
22. The Defendant's conduct violated 15 U.S.C. Section 1692g in that it did not advise Plaintiff of her rights, commonly known as the "Mini-Miranda" rights after communication has begun.
23. The Defendant's conduct violated 15 U.S.C. Section 1692e in that it neither advised that it was a "debt collector" nor the purpose of the communication was for collecting a debt.

## JURY DEMAND

24. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

25. Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:

    (1) Statutory damages;

    (2) Attorney fees, litigation expenses and costs of suit; and

(3) Such other and further relief as the Court deems proper.

Respectfully submitted,

/s/ John Carlin
John P. Carlin #6277222
Chang & Carlin, LLP
1305 Remington Rd., Ste. C
Schaumburg, IL 60173
jcarlin@changandcarlin.com
Attorney for Plaintiff